## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RATANA MURRELL, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| vs. ) | |
| ) | **COMPLAINT** |
| SRS & ASSOCIATES ) | |
| ) | **JURY TRIAL REQUESTED** |
| Defendant. ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### II. JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### III. PARTIES

4. Plaintiff, RATANA MURRELL ("Plaintiff"), is a natural person who at all relevant times resided in the State of Oklahoma, County of Oklahoma, and City of Oklahoma City.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, SRS & ASSOCIATES ("Defendant") or ("SRS") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

## IV. FACTUAL ALLEGATIONS

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant repeatedly contacted Plaintiff at Plaintiff's place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer, including, but not limited to: October 12, 2010.

12. Defendant, via its agent and or employee "James Andrews," intimated that Plaintiff was a liar, and directed language toward Plaintiff that was intended to

intimidate, frighten, coerce and abuse Plaintiff.

13. Defendant threatened Plaintiff on multiple occasions that if payment was not received, Defendant would file suit against Plaintiff and garnish Plaintiff's wages, actions that Defendant did not intend to take.

14. Defendant, via its agent and/or employee "James Andrews," placed a call to Plaintiff's cellular telephone on October 20, 2010 at 5:15 P.M., and at such time, failed to disclose Defendant's true business and/or corporate name and further failed to notify Plaintiff that the call was from a debt collector.

15. Defendant placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system. Furthermore, Defendant's agent and/or employee "James Andrews" stated in a Voicemail Message left for Plaintiff on October 20, 2010 at 5:15 P.M. that Plaintiff had requested such calls cease, yet Defendant continued to place calls to Plaintiff's cellular phone despite the request.

16. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## **COUNT I**

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

18. Defendant repeatedly contacted Plaintiff at her place of employment after

being informed that such calls were inconvenient to Plaintiff in violation of § 1692c(a)(3);

19. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(3);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

21. Defendant used language, in connection with collection of a debt, the natural consequence of which was to abuse Plaintiff in violation of § 1692d(2);

22. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

   a) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   b) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   c) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   e) Awarding such other and further relief as the Court may deem just and proper.

## **COUNT III**

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

24 Defendant failed to disclose Defendant's true corporate or business name in a telephone call to Plaintiff in violation of § 1692d(6);

25. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated  15 U.S.C. § 1692d(6);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

27. Defendant falsely represented or implied that nonpayment of Plaintiff's debt would result in seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action was not lawful or Defendant did not intend to take such action in violation of § 1692e(4);

28. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(4);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

29. Plaintiff repeats and re-alleges each and every allegation contained in

paragraphs 1 through 16.

30.  Defendant threatened to take action against Plaintiff that could not be legally taken or that was not actually intended to be taken violation of § 1692e(5);

31.  WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

32.  Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

33.  Defendant used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff in violation of § 1692e(10);

34.  WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

36. Defendant failed to notify Plaintiff during each collection contact that the communication was from a debt collector in violation of § 1692e(11);

37. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

39. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, using an automatic telephone dialing system, without the prior express consent of Plaintiff;

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 8th day of December, 2010

       By: s/Alex D. Weisberg
         Alex D. Weisberg
         WEISBERG & MEYERS, LLC
         5722 South Flamingo Road, Ste. 656
         Cooper City, FL 33330
         (954) 212-2184
         (866) 577-0963facsimile
         AWeisberg@AttorneysForConsumers.com
         Attorney for Plaintiff