# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RATANA MURRELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:10-cv-01353-R |
| | ) | |
| vs. | ) | |
| | ) | |
| SRS & ASSOCIATES, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

NOW COMES the Plaintiff, RATANA MURRELL, by and through her attorneys, WEISBERG & MEYERS, LLC, and hereby moves this Honorable Court to enter a Final Default Judgment against Defendant, SRS & ASSOCIATES ("Defendant"). In support thereof, Plaintiff states as follows:

1. Plaintiff served Defendant with a Summons and Complaint on January 17, 2011. (See copy of Summons, Complaint, and Affidavit of Service, attached hereto as Exhibit "A").

2. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant was required to serve an answer or responsive pleading within 21 days of being served with the summons and complaint.

3. Defendant has failed to serve a responsive pleading or otherwise defend pursuant to the Federal Rules of Civil Procedure within the prescribed 21 day time period.

4. On February 21, 2011, Plaintiff filed her Motion for Entry of Default. (See Motion, attached hereto as Exhibit "B").

5. On February 22, 2011, this Court entered an Order granting Plaintiff's Motion for Entry of Default.  (See Order, attached hereto as Exhibit "C").

6. Plaintiff's Complaint prays for $1,000.00 in statutory damages based on Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

7. Upon information and belief, Defendant placed at least ten (10) non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system. Plaintiff's Complaint prays for $1,500.00 per call, for a total of $15,000.00 in statutory damages based on Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. (See client affidavit attached hereto as Exhibit "D").

8. Moreover, Plaintiff seeks payment of her attorneys' fees and costs as the prevailing party pursuant to 15 U.S.C. § 1692(k).

9. A reasonable fee is judged against the prevailing market rate for attorneys of comparable experience employed in cases of similar complexity.  Plaintiff seeks an award of attorney's fees in the amount of $3,058.00 for 13.7 hours of attorney, law clerk, paralegal, and legal assistant time at hourly rates ranging from $100.00 per hour to $335.00 per hour. (See Affidavit of Alex Weisberg, attached hereto as Exhibit "E"). Specifically, Plaintiff seeks to recover the following.

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
| --- | --- | --- | --- |
| Alex Weisberg | 4.1 | $335.00 | $1,373.50 |
| Craig J. Ehrlich[1] | 2.1 | $355.00 | $703.50 |

---

[1] See Affidavit of Craig J. Ehrlich, attached hereto as Exhibit "F"

| Jeanette Soto (Paralegal) | 2.0 | $135.00 | $270.00 |
| Termain Davis (Paralegal) | 0.8 | $135.00 | $108.00 |
| Paul Zelnick (Law Clerk) | 1.3 | $135.00 | $175.00 |
| Jason Sandler (Law Clerk) | 2.5 | $135.00 | $337.50 |
| Jessica DeCandia (Legal Assistant) | .2 | $100.00 | $20.00 |
| Natasha Stewart (Legal Assistant) | 0.5 | $100.00 | $50.00 |
| Natahalia Castro (Legal Assistant) | 0.1 | $100.00 | $10.00 |
| Gloria Ramirez (Legal Assistant) | 0.1 | $100.00 | $10.00 |

10. The attorneys' fee rates requested by Plaintiff is commensurate with the prevailing rates for attorneys that practice federal law.  This case was filed pursuant to a federal remedial statute, the FDCPA, so it is fitting to compare rates charged by other attorneys practicing federal law to determine an appropriate rate.  *See Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C. 1983) (wherein the court compared the rates of attorneys practicing under federal claims with fee-shifting provisions to reach a hybrid rate).

11.  The United States Attorney's Office, Civil Division, took the *Laffey* court's analysis one step further, creating the "Laffey Matix" to reflect how inflation has changed billing rates over the years.  The "Laffey Matrix" clearly demonstrates that the rates sought by Plaintiff's attorneys herein are reasonable compared to recognized rates for attorneys' with similar experience.  The "Laffey Matrix" is incorporated into this Fee Petition in its entirety:[2]

---

[2] This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.*, 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does *not* apply in cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d).



**Civil Division**

**LAFFEY MATRIX 2003-2008**

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 |
|---|---|---|---|---|---|
| 20+ years | 390 | 405 | 425 | 440 | |
| 11-19 years | 345 | 360 | 375 | 390 | 410 |
| 8-10 years | 280 | 290 | 305 | 315 | |
| 4-7 years | 225 | 235 | 245 | 255 | 270 |
| 1-3 years | 185 | 195 | 205 | 215 | |
| Paralegals & Law Clerks | 110 | 115 | 120 | 125 | 130 |

12. Consumer protection attorneys familiar with the claims as brought herein have reviewed the hourly rates and time entries of Plaintiff's attorneys. These attorneys have each attested that the rates and time incurred by Plaintiff's attorneys are reasonable. (See combined Affidavits of consumer law experts, attached hereto as Exhibit "G"). These consumer protection attorneys have a wealth of experience in trial and appellate advocacy, and have

---

The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey v. Northwest Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983), *See also Renninger v. Phillips & Cohen Associates, Ltd.,* 2010 WL 3259417 (M.D. Fla.).

displayed this expertise within the legal community by teaching continuing legal education courses and seminars, and by publishing articles in various legal journals. These advocates have cumulatively represented thousands of consumers throughout the nation and have handled numerous consumer actions including claims brought pursuant to the FDCPA. Therefore, based on the experience of these attorneys in the area of consumer protection litigation, it is clear that they have obtained the experience and qualifications necessary to present their opinions to this Court as to the reasonableness of Plaintiff's attorneys' fees.

13. Plaintiff also seeks recoverable litigation costs in the amount of $425.00 related to the instant action. This amount includes the cost of filing the Complaint ($350.00), fees for process server ($75.00). (See Exhibit "E").

WHEREFORE, Plaintiff prays for the entry of an order entering a Final Default Judgment against Defendant, SRS & ASSOCIATES, in the amount of $19,483.00.

Respectfully submitted this 23rd day of March, 2011.

Respectfully submitted,

**RATANA MURRELL**

By: s/ Alex D. Weisberg
Alex D. Weisberg
FBN:  0566551
ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Road, #656
Cooper City, FL 33330
(954) 337-1885
(866) 577-0963 fax

**CERTIFICATE OF FILING**

I certify that on March 23, 2011, I electronically filed the foregoing Motion with the clerk of the U.S. District Court using the electronic case filing system of the court.

**CERTIFICATE OF SERVICE BY MAIL**

I, Alex D. Weisberg, certify that a true and correct copy of the foregoing was served upon SRS & Associates, Attn: Legal Department, 1173 East Landis, Building B, Vineland, NJ 08360, by depositing the same on March 23, 2011, in the U.S. Mail in an envelope with first class postage prepaid thereon.