**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RATANA MURRELL, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:10-cv-01353-R |
| ) | |
| vs. ) | |
| ) | **AMENDED COMPLAINT** |
| SRS & ASSOCIATES, a corporation, ) | |
| RAJENDER R. AGARWAL, an ) | **JURY TRIAL REQUESTED** |
| individual, and KANDASAMY ) | |
| AYYAPPAN, an individual, ) | |
| ) | |
| Defendants. ) | |

**<u>AMENDED COMPLAINT</u>**

**I.  INTRODUCTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**II.  JURISDICTION**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

**III.  PARTIES**

4. Plaintiff, RATANA MURRELL ("Plaintiff"), is a natural person who at all

relevant times resided in the State of Oklahoma, County of Oklahoma, and City of Oklahoma City.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, SRS & ASSOCIATES ("Defendant") or ("SRS") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. At all relevant times herein, Defendant, RAJENDER R. AGARWAL ("Defendant AGARWAL") was an officer of Defendant SRS. As an officer, shareholder and/or director of Defendant SRS, Defendant AGARWAL was responsible for the overall success of the company. Defendant AGARWAL is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6): he materially participated in collecting debt by occupying a position of critical importance to Defendant SRS's business; as the owner of Defendant SRS, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant SRS's affairs and Defendant AGARWAL continued to play a key role in maintaining and expanding Defendant SRS's debt collection activities throughout the time in question.

8. At all relevant times herein, Defendant, KANDASAMY AYYAPPAN ("Defendant AYYAPPAN") was an officer of Defendant SRS. As an officer, shareholder and/or director of Defendant SRS, Defendant AYYAPPAN was responsible for the overall success of the company. Defendant AYYAPPAN is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6): he materially participated in collecting debt by occupying a

position of critical importance to Defendant SRS's business; as the owner of Defendant SRS, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant SRS's affairs and Defendant AYYAPPAN continued to play a key role in maintaining and expanding Defendant SRS's debt collection activities throughout the time in question.

## IV. FACTUAL ALLEGATIONS

9. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Defendants repeatedly contacted Plaintiff at Plaintiff's place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer, including, but not limited to: October 12, 2010.

14. Defendants, via their agent and/or employee "James Andrews," intimated

that Plaintiff was a liar, and directed language toward Plaintiff that was intended to intimidate, frighten, coerce and abuse Plaintiff.

15.     Defendants threatened Plaintiff on multiple occasions that if payment was not received, Defendants would file suit against Plaintiff and garnish Plaintiff's wages, actions that Defendants did not intend to take.

16.     Defendants, via their agent and/or employee "James Andrews," placed a call to Plaintiff's cellular telephone on October 20, 2010 at 5:15 P.M., and at such time, failed to disclose Defendants' true business and/or corporate name and further failed to notify Plaintiff that the call was from a debt collector.

17.     Defendants placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system. Furthermore, Defendants' agent and/or employee "James Andrews" stated in a Voicemail Message left for Plaintiff on October 20, 2010 at 5:15 P.M. that Plaintiff had requested such calls cease, yet Defendants continued to place calls to Plaintiff's cellular phone despite the request.

18.     Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## **COUNT I**

19.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

20. Defendants repeatedly contacted Plaintiff at her place of employment after being informed that such calls were inconvenient to Plaintiff in violation of § 1692c(a)(3);

21. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692c(a)(3);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## **COUNT II**

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

23. Defendants used language, in connection with collection of a debt, the natural consequence of which was to abuse Plaintiff in violation of § 1692d(2);

24. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    Adjudging that Defendants violated 15 U.S.C. § 1692d(2);

    a) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    b) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    c) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

25.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

26    Defendants failed to disclose Defendants' true corporate or business name in a telephone call to Plaintiff in violation of § 1692d(6);

27.    WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated  15 U.S.C. § 1692d(6);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

29. Defendants falsely represented or implied that nonpayment of Plaintiff's debt would result in seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action was not lawful or Defendants did not intend to take such action in violation of § 1692e(4);

30. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendants violated 15 U.S.C. § 1692e(4);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

31.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

32.    Defendants threatened to take action against Plaintiff that could not be legally taken or that was not actually intended to be taken violation of § 1692e(5);

33.    WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendants violated  15 U.S.C. § 1692e(5);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

34.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

35.    Defendants used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff in violation of § 1692e(10);

36.    WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

38. Defendants failed to notify Plaintiff during each collection contact that the communication was from a debt collector in violation of § 1692e(11);

39. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

41. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, using an automatic telephone dialing system, without the prior express consent of Plaintiff;

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 20<u>th</u> day of April, 2011

        By: <u>s/Alex D. Weisberg</u>
          Alex D. Weisberg
          WEISBERG & MEYERS, LLC
          5722 South Flamingo Road, Ste. 656
          Cooper City, FL 33330
          (954) 212-2184
          (866) 577-0963 facsimile
          AWeisberg@AttorneysForConsumers.com
          Attorney for Plaintiff